UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOYCE ERLINE KALTREIDER,  §<br>    *Plaintiff*,  §<br>  §<br>v.  §<br>  §<br>B. BURDETTE, MICHAEL MCCORMICK,  §<br>AUDLEY H. HEATH, & H. WILLIAM JOHNSON,  §<br>    *Defendants*.  § | | CIVIL ACTION H-06-CV-3757 |

### ORDER OF DISMISSAL

Pending before the court is the plaintiff Joyce Kaltreider's Original Complaint. Dkt. 1. "Federal courts are courts of limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress." *Johnson v. United States*, 460 F.3d 616, 621 n. 6 (5th Cir. 2006). It is the duty of the district court to raise the issue of its own jurisdiction sua sponte. *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996). It is the determination of this court that it lacks jurisdiction to hear the claims presented by Kaltreider. Accordingly, the case is DISMISSED for lack of jurisdiction.

Kaltreider's statement of claim alleges that her husband, Robert Arthur Kaltreider's, Fifth Amendment right protecting him against double jeopardy was violated when he was resentenced for the offense of injury to an elderly individual. Kaltreider alleges that the first judge, Judge McCormick, who sentenced her husband was not properly sworn in as a judge at the time of sentencing. Therefore, her husband was sentenced a second time by a different judge for the same crime. Kaltreider asks the court to award her attorney's fees for the first invalid sentencing, bail bond fees, and money for mental anguish and stress she has suffered.

Jurisdictionally speaking, there are several impediments to Kaltreider's claim. First, she lacks standing to bring a claim on behalf of her husband. A party "generally must assert his own

legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldon*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205 (1975).  Third parties may only bring claims on behalf of others in circumstances where the injured party is meaningfully hindered in bringing the suit on his own.  *Miller v. Albright*, 523 U.S. 420, 450, 118 S.Ct. 1428, 1445 (1998). Here, Kaltreider's husband is able to bring the claim on his own behalf.  Therefore, she lacks standing to bring it on his behalf.  Second, even if she did have standing she runs afoul of the principle of judicial immunity. Judge Burdette has absolute immunity for judicial acts performed in judicial proceedings.  *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996).  Third, Kaltreider cannot make out a case for double jeopardy.  The double jeopardy clause "prohibits resentencing only if a defendant has developed a legitimate 'expectation of finality in [his] original sentence.'" *United States v. Rodriguez*, 114 F.3d 46, 48 (5th Cir. 1997) (quoting *United States v. DiFrancesco*, 449 U.S. 117, 139, 101 S.Ct. 426, 438 (1980)).  According to the exhibits attached to Kaltreider's statement of claim, Kaltreider's husband appealed his state court sentence.  Accordingly, he has no expectation of the finality of his first sentence as a matter of law.  *Id.*  And last, Kaltreider's claims of negligence and mental anguish are not federal claims and do not confer federal jurisdiction. Therefore, for the reasons stated above, the case is DISMISSED with prejudice for lack of jurisdiction.

       This is a FINAL JUDGMENT.

       Signed at Houston, Texas on December 4, 2006.

_____
Gray H. Miller
United States District Judge